UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN DOE,

                Plaintiff,

              v.

CORNELL UNIVERSITY,

                Defendant.

**ANSWER**

Civil Action No.:
3:17-cv-1285 (TJM/DEP)

Defendant Cornell University ("Cornell" or the "University") as and for its answer to the Complaint, filed by Plaintiff John Doe on November 21, 2017, alleges as follows:

1.     With respect to the allegations in Paragraph 1 of the Complaint, ADMITS that Jane Roe filed a complaint alleging that Plaintiff sexually assaulted her in the early morning hours of December 6, 2014, and that Cornell investigated and adjudicated that complaint pursuant to its policies and procedures, and DENIES the remaining allegations in said paragraph.

2.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint.

4.     With respect to the allegations in Paragraph 4 of the Complaint, ADMITS that on or about April 28, 2015, Jane Roe filed a complaint with the Cornell University Police Department alleging that Plaintiff had sexually assaulted her in December of 2014, and DENIES the remaining allegations in said paragraph.

5.     With respect to the allegations in Paragraph 5 of the Complaint, ADMITS that during the course of Cornell's investigation of Jane Roe's complaint, Plaintiff denied that he had

committed wrongdoing and ADMITS that the Cortland Police Department administered Plaintiff

a polygraph examination, and DENIES the remaining allegations in said paragraph.

6.      DENIES the allegations in Paragraph 6 of the Complaint.

7.      DENIES the allegations in Paragraph 7 of the Complaint.

8.      DENIES the allegations in Paragraph 8 of the Complaint.

9.      DENIES the allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 does not contain factual allegations that require a response, but to

the extent a response is required, Cornell DENIES that it violated Title IX of the Education

Amendments of 1972, DENIES that it breached any contract, DENIES liability for the state law

causes of action alleged by Plaintiff, and DENIES that Plaintiff is entitled to any relief against

Cornell.

11.     ADMITS, upon information and belief, the allegations in Paragraph 11 of the

Complaint.

12.     With respect to the allegations in Paragraph 12 of the Complaint, ADMITS that

Cornell was and is an educational corporation chartered pursuant to Article 115 of the Education

Law of the State of New York with its principal place of business in the City of Ithaca,

Tompkins County, New York, and DENIES the remaining allegations in said paragraph.

13.     Paragraph 13 of the Complaint contains legal conclusions for which no response

is required.

14.     Paragraph 14 of the Complaint contains legal conclusions for which no response

is required, but to the extent a response is required, Cornell ADMITS that the Court has personal

jurisdiction over it.

3056851.1

15.    Paragraph 15 of the Complaint contains legal conclusions for which no response is required, but to the extent a response is required, Cornell ADMITS that venue is proper in the United States District Court for the Northern District of New York, and DENIES the remaining allegations in said paragraph.

16.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

19.    ADMITS the allegation in Paragraph 19 of the Complaint, except DENIES that the College of Agriculture and Life Sciences is the second largest undergraduate college at Cornell.

20.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.    With respect to the allegations in Paragraph 22 of the Complaint, Cornell DENIES that Plaintiff was the victim of unlawful, biased, arbitrary and capricious disciplinary actions at the hand of Cornell or its administrators, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

23.    ADMITS the allegations in Paragraph 23 of the Complaint.

3

3056851.1

24.     ADMITS the allegations in Paragraph 24 of the Complaint.

25.     With respect to the allegations in Paragraph 25 of the Complaint, ADMITS that up until August 13, 2013, complaints of sexual violence and sexual harassment against University students were investigated and adjudicated pursuant to Cornell's Campus Code of Conduct, and ADMITS that effective August 13, 2013, and during the 2014-2015 academic year, in which the complaint by Jane Roe against Plaintiff was filed, the University's Policy 6.4: Prohibited Discrimination, Protected-Status Harassment, Sexual Harassment, and Sexual Violence and Assault ("Policy 6.4") enumerated the procedures used to investigate and adjudicate such complaints, including the complaint filed by Jane Roe against Plaintiff, and further ADMITS that during the 2014-2015 academic year, Cornell's Campus Code of Conduct provided that matters involving sexual harassment and sexual assault against students are violations of the Code and are investigated under Policy 6.4, and ADMITS that Policy 6.4 was amended in August and September 2015 to reflect organizational changes and to comply with Article 129-B of the New York State Education Law, and ADMITS that effective August 1, 2016, Cornell further revised Policy 6.4 and implemented revised procedures to respond to, investigate and resolve certain Title IX claims brought by students against other students, entitled "Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4 for the Following Acts of Prohibited Conduct:  Dating Violence; Domestic Violence; Sexual Assault; Sexual Exploitation; Sexual and Gender-Based Harassment; Stalking; Aiding Prohibited Conduct; Attempting to Commit Prohibited Conduct; Retaliation; and Violating an Interim Measure," and ADMITS that Policy 6.4 was also revised effective February 8, 2017, to add text required by law and to provide a greater accessibility to procedures and other processes covered by the Policy, and also ADMITS that other, minor revisions, have been made to Policy 6.4 on

4

occasion between 2012 and the present date, and DENIES the remaining allegations in said paragraph.

26.     DENIES the allegations in Paragraph 26 of the Complaint.

27.     With respect to the allegations in Paragraph 27 of the Complaint, ADMITS that during the period in which complaints of sexual assault involving students were investigated and adjudicated pursuant to the Campus Code of Conduct, the procedures and burden of proof set forth in the Campus Code of Conduct applied, and respectfully refers the court to the Campus Code of Conduct for its contents, and DENIES the remaining allegations contained in said paragraph.

28.     With respect to the allegations in Paragraph 28 of the Complaint, states that the Dear Colleague Letter speaks for itself and respectfully refers the Court to the document for its contents.

29.     With respect to the allegations in Paragraph 29 of the Complaint, states that the Dear Colleague Letter speaks for itself and respectfully refers the Court to the document for its contents.

30.     With respect to the allegations in Paragraph 30 of the Complaint, ADMITS that beginning in the 2013-2014 academic year, the standard of evidence applicable to complaints of sexual assault involving University students was a preponderance of the evidence standard, states that the news article cited in said paragraph speaks for itself and respectfully refers the Court to the document for its contents, and DENIES the remaining allegations in said paragraph.

31.     DENIES the allegations in Paragraph 31 of the Complaint.

3056851.1

32.    With respect to the allegations in Paragraph 32 of the Complaint, states that the Campus Code of Conduct speaks for itself and respectfully refers the Court to the Code of Conduct for its contents.

33.    With respect to the allegations in Paragraph 33, states that Policy 6.4 speaks for itself and respectfully refers the Court to Policy 6.4 for its contents.

34.    With respect to the allegations in Paragraph 34 of the Complaint, ADMITS that Policy 6.4 is appended to the Campus Code of Conduct and that Policy 6.4 addresses certain of Cornell's obligations under various legal requirements, including, but not limited to, Title IX of the Education Amendments of 1972, and DENIES the remaining allegations in said paragraph.

35.    With respect to the allegations in Paragraph 35, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents.

36.    DENIES the allegations in Paragraph 36 of the Complaint.

37.    DENIES the allegations in Paragraph 37 of the Complaint.

38.    DENIES the allegations in Paragraph 38 of the Complaint.

39.    With respect to the allegations in Paragraph 39 of the Complaint, ADMITS that during the 2014-2015 academic year, Policy 6.4 stated that a formal investigation "must be completed within 60 days, subject to extension of the investigator as may be necessary or for good cause," and DENIES the remaining allegations in said paragraph.

40.    With respect to the allegations in Paragraph 40 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

41.    With respect to the allegations in Paragraph 41 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents.

42.     With respect to the allegations in Paragraph 42 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, but DENIES the remaining allegations in said paragraph.

43.     DENIES the allegations in Paragraph 43 of the Complaint.

44.     DENIES the allegations in Paragraph 44 of the Complaint.

45.     ADMITS the allegations in Paragraph 45 of the Complaint.

46.     With respect to the allegations in Paragraph 46 of the Complaint, ADMITS that the stated intent of the legislation is to combat sexual assault on college and university campuses statewide, and DENIES the remaining allegations of said paragraph.

47.     With respect to the allegations in Paragraph 47 of the Complaint, Cornell states that the statute speaks for itself and respectfully refers the Court to the statute for its content.

48.     With respect to the allegations in Paragraph 48 of the Complaint, Cornell states that the statute speaks for itself and respectfully refers the Court to the statute for its content.

49.     With respect to the allegations in Paragraph 49 of the Complaint, Cornell states that the statute speaks for itself and respectfully refers the Court to the statute for its content.

50.     With respect to the allegations in Paragraph 50 of the Complaint, Cornell ADMITS that Policy 6.4 was revised effective September 25, 2015 to comply with Article 129-B.

51.     With respect to the allegations in Paragraph 51 of the Complaint, ADMITS that the Judicial Codes Counselor ("JCC") is a law student who assists in defending Cornell students accused of misconduct and that the Annual Report of the Judicial Codes Counselor Academic Year 2013-2014 ("law student's report") was issued on May 31, 2015, and DENIES the remaining allegations in said paragraph.

3056851.1

52.     With respect to the allegations in Paragraph 52 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

53.     With respect to the allegations in Paragraph 53 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

54.     With respect to the allegations in Paragraph 54 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

55.     With respect to the allegations in Paragraph 55 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

56.     With respect to the allegations in Paragraph 56 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

57.     With respect to the allegations in Paragraph 57 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

58.     With respect to the allegations in Paragraph 58 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

3056851.1

59.     With respect to the allegations in Paragraph 59 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

60.     With respect to the allegations in Paragraph 60 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

61.     With respect to the allegations in Paragraph 61 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

62.     With respect to the allegations in Paragraph 55 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

63.     With respect to the allegations in Paragraph 63 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

64.     With respect to the allegations in Paragraph 64 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents.

65.     With respect to the allegations in Paragraph 65 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

3056851.1

66.     With respect to the allegations in Paragraph 66 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

67.     With respect to the allegations in Paragraph 67 of the Complaint, Cornell states that the law student's report speaks for itself and respectfully refers the Court to the report for its contents, and DENIES the remaining allegations in said paragraph.

68.     DENIES the allegations in Paragraph 68 of the Complaint.

69.     DENIES the allegations in Paragraph 69 of the Complaint.

70.     DENIES the allegations in Paragraph 70 of the Complaint.

71.     With respect to the allegations in Paragraph 71 of the Complaint, ADMITS that beginning on August 1, 2016, Cornell implemented revised procedures to respond to, investigate and resolve reports of bias, discrimination, harassment and sexual and related misconduct brought by students against other students, entitled "Procedures for Resolution of Reports Against Students Under Cornell University Policy 6.4 for the Following Acts of Prohibited Conduct:  Dating Violence; Domestic Violence; Sexual Assault; Sexual Exploitation; Sexual and Gender-Based Harassment; Stalking; Aiding Prohibited Conduct; Attempting to Commit Prohibited Conduct; Retaliation; and Violating an Interim Measure," but DENIES that the revised procedures were applicable to the complaint of sexual assault filed by Jane Roe against John Doe.

72.     With respect to the allegations in Paragraph 72 of the Complaint, ADMITS that the procedures that became effective on August 1, 2016 are different from those procedures applicable to the complaint of sexual assault filed by Jane Roe against John Doe, which

3056851.1

complaint was filed in April of 2015, and with regard to the specific provisions cited in said paragraph:

      a.      With respect to the allegations in Paragraph 72(a) of the Complaint, Cornell states that the revised Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, but ADMITS that pursuant to the revised procedures, students complaining of and accused of dating violence, domestic violence, sexual assault, sexual exploitation, sexual and gender-based  harassment, stalking, aiding prohibited conduct, attempting to commit prohibited conduct, retaliation, and violating an interim order are afforded the right to a hearing before a three (3) member hearing panel.

      b.      With respect to the allegations in Paragraph 72(b) of the Complaint, Cornell states that the revised Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, but ADMITS that both parties are permitted to propose questions and topics of questioning prior to the hearing and during the hearing and that the hearing panel conducts the questioning, and DENIES the remaining allegations in said paragraph.

      c.      With respect to the allegations in Paragraph 72(c) of the Complaint, Cornell states that the revised Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, but ADMITS that the investigator prepares an investigative record and report for the hearing panel and does not give recommendations or opinions regarding responsibility other than determining whether there is sufficient evidence for the complaint to proceed to a hearing, and DENIES the remaining allegations in said paragraph.

      d.      With respect to the allegations in Paragraph 72(d) of the Complaint, Cornell states that the revised Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

3056851.1

       e.      With respect to the allegations in Paragraph 72(e) of the Complaint, Cornell states that the revised Policy 6.4 speaks for itself and respectfully refers the Court to the Policy for its contents, and DENIES the remaining allegations in said paragraph.

73.     DENIES the allegations in Paragraph 73 of the Complaint.

74.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint.

75.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint.

76.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint.

77.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint.

78.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 78 of the Complaint.

79.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint.

80.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint.

81.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint.

82.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint.

3056851.1

83.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Complaint.

84.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

85.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint.

86.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint.

87.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint.

88.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Complaint.

89.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 89 of the Complaint.

90.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint.

91.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint.

92.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint.

93.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Complaint.

3056851.1

94.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint.

95.     With respect to the allegations in Paragraph 95 of the Complaint, ADMITS that Roe filed a complaint alleging that Doe sexually assaulted her in the early morning hours of December 6, 2014, and DENIES the remaining allegations in said paragraph.

96.     With respect to the allegations in Paragraph 96 of the Complaint, ADMITS that Roe told the investigator that when she first woke up, Roe and Doe were lying on their sides in her bed and that she and Doe were facing the same direction and that Doe kissed her on the mouth when she woke up, and DENIES the remaining allegations in said paragraph.

97.     With respect to the allegations in Paragraph 97 of the Complaint, ADMITS that Roe told the investigator that she remembered saying "no" to Doe and that he then stopped kissing her, and ADMITS that Roe told investigators that after Doe stopped kissing her, he touched her breasts underneath her bra and that she told Doe to "stop it," and ADMITS that Doe then unbuttoned her jeans and started touching her genital area outside of her underwear and that she said "no" and that it was five or ten seconds later that Doe stopped touching her, and ADMITS that Roe told investigators that she was not sure how she got from being on her side to being on her back and that Doe put his penis in her mouth and that Roe felt like she had to throw up and she turned her head and she threw up a little in a trashcan that was next to her bed, and DENIES the remaining allegations in said paragraph.

98.     With respect to the allegations in Paragraph 98 of the Complaint, ADMITS that Roe told investigators that after she threw up in the trashcan, that she believed that Doe got off of her bed and left the room and that she fell asleep, and DENIES the remaining allegations.

14

3056851.1

99.     With respect to the allegations in Paragraph 99 of the Complaint, ADMITS that Roe told the investigator that she told SB of the sexual assault by Doe on April 27, 2015, and ADMITS that on April 28, 2015, she made a statement to the Cornell University Police Department, and DENIES the remaining allegations.

100.    ADMITS the allegations in Paragraph 100 of the Complaint.

101.    With respect to the allegations in Paragraph 101 of the Complaint, ADMITS that JA reported his conversation with SB to Mary Beth Grant on April 28, 2015, and ADMIT that Grant was the Judicial Administrator, and states that the written communication from JA to Grant speaks for itself and respectfully refers the Court to the communication for its contents.

102.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint.

103.    With respect to the allegations in Paragraph 103 of the Complaint, ADMITS that on April 29, 2015, CUPD informed the Judicial Administrator of a complaint of sexual assault, requested that the Judicial Administrator temporarily delay an investigation until a controlled phone call could be completed, and DENIES the remaining allegations in said paragraph.

104.    With respect to the allegations in Paragraph 104 of the Complaint, ADMITS that CUPD officers and investigators periodically emailed and spoke with personnel in the Office of the Judicial Administrator while the criminal investigation was ongoing, and DENIES the remaining allegations in said paragraph.

105.    With respect to the allegations in Paragraph 105 of the Complaint, ADMITS that at the direction of CUPD, Roe made a "controlled phone call" to Doe on April 29, 2015, and DENIES the remaining allegations in said paragraph.

3056851.1

106.   DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint.

107.   With respect to the allegations in Paragraph 107 of the Complaint, ADMITS that Doe denied sexually assaulting Roe during the controlled phone call, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

108.   With respect to the allegations in Paragraph 108, ADMITS that Plaintiff was questioned by CUPD on April 30, 2015, but DENIES that Plaintiff was under arrest and DENIES the remaining allegations in said paragraph.

109.   With respect to the allegations in Paragraph 109, ADMITS that Doe was questioned by officers from the CUPD and that he agreed to be questioned without an attorney present after having been informed of his rights, and ADMITS that Doe agreed to undergo a polygraph examination and that Doe denied the allegations against him, and DENIES the remaining allegations in said paragraph.

110.   With respect to the allegations in Paragraph 110, ADMITS that the Cortland Police Department administered a polygraph examination of Doe on May 10, 2015, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

111.   With respect to the allegations in Paragraph 111, ADMITS that the results of the polygraph exam were "NDI-No deception indicated," and DENIES the remaining allegations in said paragraph.

112.   With respect to the allegations in Paragraph 112, ADMITS that CUPD questioned Doe about his interactions with YV on December 5-6, 2014, and DENIES KNOWLEDGE OR

3056851.1

INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

113.    With respect to the allegations in Paragraph 113, ADMITS that on May 11, 2015, a CUPD investigator informed Affel that the District Attorney would not pursue criminal charges against Doe, and DENIES the remaining allegations in said paragraph.

114.    ADMITS the allegations in Paragraph 114 of the Complaint.

115.    With respect to the allegations in Paragraph 115 of the Complaint, ADMITS that CUPD provided the investigator with its reports, witness statements, an audio file of the controlled call and an audio/video file of the CUPD's interview of Doe, and DENIES the remaining allegations in said paragraph.

116.    With respect to the allegations in Paragraph 116 of the Complaint, ADMITS that Grant informed Doe that the University was investigating whether Doe had violated Policy 6.4, and DENIES the remaining allegations in said paragraph,

117.    ADMITS the allegations in Paragraph 117 of the Complaint.

118.    With respect to the allegations in Paragraph 118 of the Complaint, ADMITS that at the meeting Grant informed Doe that he could get assistance from a JCC, and DENIES the remaining allegations in said paragraph.

119.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 119 of the Complaint.

120.    ADMITS that Grant introduced Doe to Affel, and that Affel and her co-investigator initially met with Doe in person one time and that all subsequent interviews of Doe and Roe took place over Skype because neither person was living in Ithaca during the summer, and DENIES the remaining allegations in Paragraph 120 of the Complaint.

3056851.1

121.    With respect to the allegations in Paragraph 121 of the Complaint, ADMITS that during the investigation, Affel became aware that Doe is a person of color and a Muslim, and that Doe's University records state that he is a citizen of Bangladesh, and DENIES the remaining allegations in said paragraph.

122.    DENIES the allegations in Paragraph 122 of the Complaint.

123.    DENIES the allegations in Paragraph 123 of the Complaint.

124.    With respect to the allegations in Paragraph 124 of the Complaint, states that the OCR guidelines speak for themselves and respectfully refer the Court to the guidelines for their content.

125.    DENIES the allegations in Paragraph 125 of the Complaint.

126.    With respect to the allegations in Paragraph 126 of the Complaint, ADMITS that OCR has made inquiries regarding certain investigations of sexual and related misconduct involving Cornell students, and DENIES the remaining allegations in said paragraph.

127.    DENIES the allegations in Paragraph 127 of the Complaint.

128.    DENIES the allegations in Paragraph 128 of the Complaint.

129.    ADMITS the allegations in Paragraph 129 of the Complaint.

130.    With respect to the allegations in Paragraph 130 of the Complaint, ADMITS that Roe told the investigator that she was not sober, and DENIES the remaining allegations in said paragraph.

131.    With respect to the allegations in Paragraph 131 of the Complaint, ADMITS that SB told the investigator that Roe "looked a little drunk," and DENIES the remaining allegations in said paragraph.

132.    DENIES the allegations in Paragraph 132 of the Complaint.

3056851.1

133.    DENIES the allegations in Paragraph 133 of the Complaint.

134.    With respect to the allegations in Paragraph 143 of the Complaint, ADMITS that Roe told the investigator that she left the party with SB because Roe was sick, ADMITS that Roe told the investigator that after arriving at Roe's room, SB "went to get her a trashcan and put her to bed," and that Roe "said that she knows this because [SB] told her this is what happened." Cornell further ADMITS that Roe told the investigator that SB told Roe "that she sat with [Roe] for about an hour and a half or two hours," and that Roe told the investigator that she believed Doe came to her room at about 3:00 AM and that she "only know[s] this because [SB] told me; as stated, I was asleep at the time," and DENIES the remaining allegations in said paragraph.

135.    With respect to the allegations in Paragraph 135 of the Complaint, ADMITS that Roe told the investigator that her "last memory prior to waking up with [Doe] kissing her" was SB putting her to bed" and that she "remembered that SB said that she was going to sit with her" and "remembered [SB] pulling a chair up to [Roe's] bed," and DENIES the remaining allegations in said paragraph.

136.    With respect to the allegations in Paragraph 136 of the Complaint, ADMITS that in an interview conducted on June 4, 2015, Roe told the investigators that "her last memory before she fell asleep prior to the incident" was "[SB] pulling out the chair and then she fell asleep," and DENIES the remaining allegations in said paragraph.

137.    With respect to the allegations in Paragraph 137 of the Complaint, ADMITS that Roe told the investigator that she knew that SB placed a trashcan near her bed and put her to bed because "[SB] told me; as stated, I was asleep at the time," and ADMITS that Roe said "no" when asked by the investigator whether there was any time during the evening of December 5,

3056851.1

2014, when she lost memory as a result of drinking, and DENIES the remaining allegations in said paragraph.

138.    DENIES the allegations in Paragraph 138 of the Complaint.

139.    With respect to the allegations in Paragraph 139 of the Complaint, Cornell states that the witness statements speak for themselves and respectfully refers the Court to the statements of their witnesses for a full and accurate reading of their contents, and DENIES the remaining allegations in said paragraph.

140.    DENIES the allegations in Paragraph 140.

141.    With respect to the allegations in Paragraph 141 of the Complaint, ADMITS that SB told the investigator that she was "definitely tipsy" on December 5-6, 2014 and ADMITS that YV told the investigator that she was "pretty drunk" on December 5-6, 2014 and that she threw up that night, and DENIES the remaining allegations in said paragraph.

142.    With respect to the allegations in Paragraph 142 of the Complaint, ADMITS that the investigation was conducted between May 14, 2015 and July 2, 2015, and that the investigation report was signed by the investigator on July 15, 2015.

143.    ADMITS the allegations in Paragraph 143 of the Complaint.

144.    DENIES the allegations in Paragraph 144 of the Complaint.

145.    With respect to the allegations in Paragraph 145 of the Complaint, DENIES KNOWLEDGE OR INFORMATION SUFFICIENT to form a belief as to the truth of the allegations that relate to what CUPD informed Doe about the polygraph examination results and those allegations that relate to Doe having obtained the polygraph examination results from the Cortland Police Department, and DENIES the remaining allegations in said paragraph.

146.    ADMITS the allegations in Paragraph 146 of the Complaint.

3056851.1

147.    ADMITS the allegations in Paragraph 147 of the Complaint.

148.    With respect to the allegations in Paragraph 148 of the Complaint, ADMITS that the investigator stated in her report that "[a]t the heart of this investigation is the irreconcilably inconsistent testimony of the Complainant and the Respondent regarding what occurred in the Complainant's bedroom in the early morning hours of December 6, 2014," and DENIES the remaining allegations in said paragraph.

149.    With respect to the allegations in Paragraph 149 of the Complaint, ADMITS that the investigator stated in her report that "To the extent that the witnesses knew the allegations, they testified both that they did not think that the Respondent would do what they understood him to be accused of, but that they also did not know why [Roe] would lie. The investigator gives little weight to either of these sentiments," and DENIES the remaining allegations in said paragraph.

150.    DENIES the allegations in Paragraph 150 of the Complaint.

151.    With respect to the allegations in Paragraph 151 of the Complaint, ADMITS that Affel practiced law for the Middlesex District Attorney's Office in Woburn, Massachusetts prior to her employment by Cornell and ADMITS that she stated in her report that "[i]n articulating the relevant factors that the investigator considered when assessing credibility…the investigator was guided by and draws heavily from" Massachusetts and New York criminal jury instructions and DENIES the remaining allegations in said paragraph.

152.    DENIES the allegations in Paragraph 152 of the Complaint.

153.    With respect to the allegations in Paragraph 153 of the Complaint, ADMITS that the investigator stated in her report that during the "controlled call, [Doe's] tone with Complainant, including calling her sweetheart and speaking in a low soft tone, gives the

3056851.1

impression that he is patronizing or condescending. The tone is consistent with [Doe's] testimony that he referred to the Complainant as his 'son' and the way in which he talked about how he was proud of her achievements. This relationship dynamic demonstrated in his tone and choice of language is notable in the extent to which it is unusually paternal to the point of being patronizing or demeaning particularly in light of the fact that the age difference between the parties is only two and a half years, [Roe] was significantly further ahead and more successful academically, they shared a peer group, and [Doe] chose to confide his very personal feelings about a past break-up in [Roe]," and DENIES the remaining allegations in said paragraph.

154.    With respect to the allegations in Paragraph 154 of the Complaint, ADMITS that the investigator stated in her report that during the "controlled call, [Doe's] tone with Complainant, including calling her sweetheart and speaking in a low soft tone, gives the impression that he is patronizing or condescending. The tone is consistent with [Doe's] testimony that he referred to the Complainant as his 'son' and the way in which he talked about how he was proud of her achievements. This relationship dynamic demonstrated in his tone and choice of language is notable in the extent to which it is unusually paternal to the point of being patronizing or demeaning particularly in light of the fact that the age difference between the parties is only two and a half years, [Roe] was significantly further ahead and more successful academically, they shared a peer group, and [Doe] chose to confide his very personal feelings about a past break-up in [Roe]," and DENIES the remaining allegations in said paragraph.

155.    DENIES the allegations in Paragraph 155 of the Complaint.

156.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint.

3056851.1

157.    With respect to the allegations in Paragraph 157 of the Complaint, ADMITS that Doe called Roe "sweetheart" during the controlled call, and DENIES the remaining allegations in said paragraph.

158.    With respect to the allegations in Paragraph 158 of the Complaint, ADMITS that Doe referred to Roe as his "son," and DENIES the remaining allegations in said paragraph.

159.    With respect to the allegations in Paragraph 159 of the Complaint, ADMITS that SB told the investigator that Roe "is cute and that she is like a little sister to her" and that Roe is "sweet" and DENIES the remaining allegations in said paragraph.

160.    DENIES the allegations in Paragraph 160 of the Complaint.

161.    DENIES the allegations in Paragraph 161 of the Complaint.

162.    DENIES the allegations in Paragraph 162 of the Complaint.

163.    DENIES the allegations in Paragraph 163 of the Complaint.

164.    DENIES the allegations in Paragraph 164 of the Complaint.

165.    With respect to the allegations in Paragraph 165 of the Complaint, ADMITS that the investigator examined astronomical data during her investigation, and DENIES the remaining allegations in said paragraph.

166.    DENIES the allegations in Paragraph 166 of the Complaint.

167.    With respect to the allegations in Paragraph 167 of the Complaint, ADMITS that SB told the investigator that she went to Roe's room "around 9:00 AM," and DENIES the remaining allegations in said paragraph.

168.    ADMITS the allegations in Paragraph 168 of the Complaint.

169.    DENIES the allegations in Paragraph 169 of the Complaint.

170.    DENIES the allegations in Paragraph 170 of the Complaint.

3056851.1

171.    DENIES the allegations in Paragraph 171 of the Complaint.

172.    With respect to the allegations in Paragraph 172 of the Complaint, Cornell states that the investigative report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and DENIES the remaining allegations in said paragraph.

173.    DENIES the allegations in Paragraph 173 of the Complaint.

174.    With respect to the allegations in Paragraph 174 of the Complaint, ADMITS that the investigator stated in her report that "[t]he testimony regarding what occurred between [SB] bringing [Roe] to her bedroom and [SB] leaving [Roe] alone with [Doe] is significantly and irreconcilably inconsistent," and DENIES the remaining allegations in said paragraph.

175.    With respect to the allegations in Paragraph 175 of the Complaint, ADMITS that the investigator noted in her report that Doe's testimony was "contradicted by [CB], [SB] and Roe," and DENIES the remaining allegations in said paragraph.

176.    DENIES the allegations in Paragraph 176 of the Complaint.

177.    DENIES the allegations in Paragraph 177 of the Complaint.

178.    DENIES the allegations in Paragraph 178 of the Complaint.

179.    DENIES the allegations in Paragraph 179 of the Complaint.

180.    DENIES the allegations in Paragraph 180 of the Complaint.

181.    DENIES the allegations in Paragraph 181 of the Complaint.

182.    DENIES the allegations in Paragraph 182 of the Complaint.

183.    ADMITS the allegations in Paragraph 183 of the Complaint.

184.    DENIES the allegations in Paragraph 184 of the Complaint.

185.    DENIES the allegations in Paragraph 185 of the Complaint.

3056851.1

186.    DENIES the allegations in Paragraph 186 of the Complaint.

187.    DENIES the allegations in Paragraph 187 of the Complaint.

188.    DENIES the allegations in Paragraph 188 of the Complaint.

189.    DENIES the allegations in Paragraph 189 of the Complaint.

190.    With respect to the allegations in Paragraph 190 of the Complaint, ADMITS that FA told the investigator that "there was one night when [Roe] came back and there were two people dragging [her] back to her room.  [FA] said that [Roe] was out of it, that she was not aware of her situation.  [FA] said that this was the only experience that he had with [Roe] drunk," and ADMITS that FA later told the investigator that he was "more certain that this was the same night that resulting in the sexual charges being brought against [Doe].  I can't recall any other instance of [Roe] being this heavily intoxicated, and I am more sure of who was there. [SB] and [CB] dragged her back to her room.  [CB] stayed around for a while the left.  [SB] stayed with her, and then [Doe] came," and DENIES the remaining allegations in said paragraph.

191.    DENIES the allegations in Paragraph 191 of the Complaint.

192.    With respect to the allegations in Paragraph 192 of the Complaint, ADMITS that FA told the investigator that he "believed [Doe] and that he did not see [Roe] as the type of person who would lie," and that he told the investigator that "at first when [Doe] told him the reason that he was kicked out of the form was because [Roe] had accused him of sexual assault, [FA] thought he did not want to choose sides right now because they are both his friends, and ADMITS that FA described Roe as a "good person" and said that she "never says anything bad to anyone," and DENIES the remaining allegations in said paragraph.

193.    DENIES the allegations in Paragraph 193 of the Complaint.

194.    DENIES the allegations in Paragraph 194 of the Complaint.

25

3056851.1

195.     DENIES the allegations in Paragraph 195 of the Complaint.

196.     DENIES the allegations in Paragraph 196 of the Complaint.

197.     With respect to the allegations in Paragraph 197 of the Complaint, ADMITS that Affel states in her report that she "considered and gave some weight to the Respondent's conduct with [YV] on December 5-6, 2015, because [Doe's] and [YV's] testimony was inconsistent, which reflects on credibility, and because the conduct reflects on [Doe's] state of mind when he returned to Flora Rose House on December 6, 2014," and DENIES the remaining allegations in said paragraph.

198.     DENIES the allegations in Paragraph 198 of the Complaint.

199.     DENIES the allegations in Paragraph 199 of the Complaint.

200.     DENIES the allegations in Paragraph 200 of the Complaint.

201.     With respect to the allegations in Paragraph 201 of the Complaint, ADMITS that Affel stated in her report that "[w]hether or not [Doe's] conduct towards [YV] was consensual is not an issue in this investigation.  What is relevant here is that [Doe's] account is inconsistent with [YV's], yet another example of a witness account contradicting [Doe's] description of the evening," and DENIES the remaining allegations in said paragraph.

202.     DENIES the allegations in Paragraph 202 of the Complaint.

203.     DENIES the allegations in Paragraph 203 of the Complaint.

204.     DENIES the allegations in Paragraph 204 of the Complaint.

205.     With respect to the allegations in Paragraph 205 of the Complaint, ADMITS that Affel stated in her report that "…under either description of events, [Doe] pursued [YV] – who had had only met moments before and with whom he had only exchanged just bare pleasantries – by kissing her and touching her breasts. While there could be a romantic or culturally normative

interpretation of his behavior, it appears on its face to be entitled and disrespectful," and DENIES the remaining allegations in said paragraph.

206.    DENIES the allegations in Paragraph 206 of the Complaint.

207.    DENIES the allegations in Paragraph 207 of the Complaint.

208.    DENIES the allegations in Paragraph 208 of the Complaint.

209.    DENIES the allegations in Paragraph 209 of the Complaint.

210.    DENIES the allegations in Paragraph 210 of the Complaint.

211.    DENIES the allegations in Paragraph 211 of the Complaint.

212.    DENIES the allegations in Paragraph 212 of the Complaint.

213.    With respect to the allegations in Paragraph 213 of the Complaint, ADMITS that certain witnesses reported to the investigator that they had consumed alcohol on December 5-6, 2014 and DENIES the remaining allegations in said paragraph.

214.    DENIES the allegations in Paragraph 214 of the Complaint.

215.    With respect to the allegations in Paragraph 215 of the Complaint, ADMITS that [YV] told the investigator that she was "pretty drunk" and DENIES the remaining allegations in said paragraph.

216.    DENIES the allegations in Paragraph 216 of the Complaint.

217.    With respect to the allegations in Paragraph 217 of the Complaint, ADMITS that Affel stated in her report that "the investigation did not give rise to concern that the witnesses or parties were so intoxicated that they could not remember the events of the evening or that their present memories of significant events could not be relied upon," and DENIES the remaining allegations.

218.    DENIES the allegations in Paragraph 218 of the Complaint.

3056851.1

219.     DENIES the allegations in Paragraph 219 of the Complaint.

220.     DENIES the allegations in Paragraph 220 of the Complaint.

221.     DENIES the allegations in Paragraph 221 of the Complaint.

222.     With respect to the allegations in Paragraph 222 of the Complaint, ADMITS that Doe submitted to a polygraph examination on May 10, 2015 and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

223.     With respect to the allegations in Paragraph 223 of the Complaint, ADMITS that the results of the polygraph exam were "NDI – No deception indicated," and DENIES the remaining allegations in said paragraph.

224.     With respect to the allegations in Paragraph 224 of the Complaint, ADMITS that Affel did not give the report of the polygraph test weight in her analysis, and DENIES the remaining allegations in said paragraph.

225.     With respect to the allegations in Paragraph 225, ADMITS that the Investigative Report states that one reason why Affel did not give the polygraph report weight in her analysis was that "the investigator considered that the results of a polygraph are generally not admissible in court, particularly in criminal cases in New York State," that "While the investigator understands that there are several exceptions to the general rule that the results of polygraph tests are not admissible, the investigator takes seriously the holding that "'the reliability of the polygraph has not been demonstrated with sufficient certainly' for the results of such a test to be admissible," and that "The investigator finds that there are reasonable concerns as to the reliability of polygraph test results in general and the ability of those results to be manipulated (either by intentional manipulation or as a result of a subject's genuine (but mistaken) belief that

28

his or her answer is honest), therefore, the investigator finds that it is reasonable to give the polygraph results in this case no weight," states that the Investigative Report speaks for itself and respectfully refers the Court to the document for its contents, and DENIES the remaining allegations in said paragraph.

226.   DENIES the allegations in Paragraph 226 of the Complaint.

227.   DENIES the allegations in Paragraph 227 of the Complaint.

228.   With respect to the allegations in Paragraph 228 of the Complaint, ADMITS that the Cortland Police Department administered the polygraph examination and DENIES the remaining allegations in said paragraph.

229.   DENIES the allegations in Paragraph 229 of the Complaint.

230.   With respect to the allegations in Paragraph 230 of the Complaint, ADMITS that Affel did not give the polygraph test results weight in her analysis in part because Doe was only asked two questions relevant to the alleged sexual violence and both questions were limited to whether or not he put his penis in [Roe's] mouth.  There were not questions about whether [Doe] was in [Roe's] bed, whether he kissed her, whether he touched her breasts, or whether he touched her genital area above her underwear," and DENIES the remaining allegations in said paragraph.

231.   DENIES the allegations in Paragraph 231 of the Complaint.

232.   DENIES the allegations in Paragraph 232 of the Complaint.

233.   DENIES the allegations in Paragraph 233 of the Complaint.

234.   DENIES the allegations in Paragraph 234 of the Complaint.

235.   ADMITS the allegations in Paragraph 235 of the Complaint.

236.   With respect to the allegations in Paragraph 236, ADMITS that the Reviewers examined the Investigative Report, including the appended materials, the submissions of Doe in response to the Investigative Report, evidence submitted by Doe on August 25, 2015 and evidence submitted by Roe in response on August 26 and August 27, and the Supplemental Investigative Report, and engaged in discussion prior to rendering the decision contained in the Reviewers' Report, and DENIES the remaining allegations in said paragraph.

237.   With respect to the allegations in Paragraph 237, ADMITS that the Reviewers did not meet with the parties or the witnesses, and DENIES the remaining allegations in said paragraph.

238.   DENIES the allegations in Paragraph 238 of the Complaint.

239.   With respect to the allegations in Paragraph 239 of the Complaint, Cornell states that the Reviewers' Report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and ADMITS that the Reviewers found that a preponderance of the evidence supported a finding that Doe had committed four acts of sexual violence against Roe.

240.   With respect to the allegations in Paragraph 240 of the Complaint, Cornell states that the Reviewers' Report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and ADMITS that the Reviewers found that neither the report nor the investigative process were inherently biased against Doe, and DENIES the remaining allegations in said paragraph.

241.   With respect to the allegations in Paragraph 241 of the Complaint, Cornell states that the Reviewers' Report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and ADMITS that the Reviewers found no evidence that

3056851.1

Roe's memory was impaired by "False Memory Syndrome," and DENIES the remaining allegations in said paragraph.

242.    With respect to the allegations in Paragraph 242 of the Complaint, Cornell states that the Reviewers' Report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and ADMITS the remaining allegations in said paragraph.

243.    With respect to the allegations in Paragraph 243 of the Complaint, Cornell states that the Reviewers' Report speaks for itself and respectfully refers the Court to the report for a full and accurate reading of its contents, and ADMITS that the Reviewers Report provides that "[a]fter two-years, [Doe] must demonstrate to a future Review Panel in writing that he had taken steps to grow and that demonstrate that he would not re-offend if invited back to the Cornell University community," and DENIES the remaining allegations in said paragraph.

244.    ADMITS the allegations in Paragraph 244 of the Complaint.

245.    With respect to the allegations in Paragraph 245 of the Complaint, ADMITS that Doe requested a stay pending the appeal of the Reviewers' Report, and states that Doe's appeal speaks for itself and respectfully refers the Court to the appeal for its contents, and DENIES the remaining allegations in said paragraph.

246.    ADMITS the allegations in Paragraph 246 of the Complaint.

247.    ADMITS the allegations in Paragraph 247 of the Complaint.

248.    With respect to the allegations in Paragraph 248 of the Complaint, Cornell states that the decision of the Appeal Panel speaks for itself and respectfully refers the Court to the decision for a full and accurate reading of its contents, and ADMITS that Policy 6.4, as revised effective August 1, 2016, provides for a hearing for students accused of sexual harassment,

31

sexual assault or sexual exploitations, but DENIES that the revised Policy 6.4 is relevant to Plaintiff's claims, and DENIES the remaining allegations in said paragraph.

249.    With respect to the allegations in Paragraph 249 of the Complaint, ADMITS that the Appeal Panel reduced the term of Doe's suspension to a minimum of one year, and DENIES the remaining allegations in said paragraph.

250.    ADMITS the allegations in Paragraph 250 of the Complaint.

251.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations in Paragraph 251 of the Complaint.

252.    With respect to the allegations in Paragraph 252 of the Complaint, ADMITS that an employee with the SUNY Office of Diversity, Equity and Inclusion ("ODEI") forwarded a charge of discrimination purportedly filed by Doe with that office to Cornell's Department of Inclusion and Workforce Diversity ("DIWD"), informed DIWD of the charge, and provided DIWD with Doe's phone number and email address, and DENIES the remaining allegations in said paragraph.

253.    With respect to the allegations in Paragraph 253 of the Complaint, ADMITS that Shaff received a voicemail from someone claiming to be Doe on March 24, 2016, and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in said paragraph.

254.    ADMITS the allegations in Paragraph 254 of the Complaint.

255.    With respect to the allegations in Paragraph 255 of the Complaint, ADMITS that on March 25, 2016, the Interim Director of DIWD spoke with someone claiming to be Doe on the telephone and told him that because he was represented by counsel, all communications

3056851.1

needed to be directed to Cornell's Office of University Counsel, and DENIES the remaining allegations in said paragraph.

256.    With respect to the allegations in Paragraph 256 of the Complaint, DENIES the allegations in Paragraph 256 of the Complaint, and states that after being told to direct his complaints of bias and discrimination to Cornell's Office of the University Counsel, Doe and his attorney never did so.

257.    With respect to the allegations in Paragraph 257 of the Complaint, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations that relate to Doe's mental health and treatment alleged received therefore, and DENIES the remaining allegations in said paragraph.

258.    With respect to the allegations in Paragraph 258 of the Complaint, ADMITS that any courses completed by Doe during the term of his suspension could not be applied to his degree at Cornell, DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations that relate to Doe's actions during the term of his suspension, and DENIES the remaining allegations in said paragraph.

259.    Cornell responds to the inclusive allegations contained in Paragraph 259 consistent with the responses set forth above.

260.    With respect to the allegations in Paragraph 260 of the Complaint, Cornell states that Title IX speaks for itself and respectfully refers the Court to the statute for its contents.

261.    With respect to the allegations in Paragraph 261 of the Complaint, Cornell states that Title IX speaks for itself and respectfully refers the Court to the statute for its contents.

262.    With respect to the allegations in Paragraph 262 of the Complaint, Cornell states that Title IX speaks for itself and respectfully refers the Court to the statute for its contents.

3056851.1

263.   With respect to the allegations in Paragraph 263 of the Complaint, Cornell states that Title IX, its regulations and guidance regarding Title IX issued by the Office for Civil Rights speak for themselves and respectfully refers the Court to the statute, regulations and guidance for their contents.

264.   ADMITS the allegations in Paragraph 264 of the Complaint.

265.   With respect to the allegations in Paragraph 265 of the Complaint, DENIES the allegation that the College of Agriculture and Life Sciences is a "state college" or that due process is applicable to students enrolled in that college, and states that the 2001 Guidance speaks for itself and respectfully refers the Court to the guidance for its contents.

266.   With respect to the allegations in Paragraph 266 of the Complaint, Cornell states that the 2001 Guidance speaks for itself and respectfully refers the Court to the guidance for its contents.

267.   With respect to the allegations in Paragraph 267 of the Complaint, Cornell states that the 2001 Guidance speaks for itself and respectfully refers the Court to the guidance for its contents.

268.   DENIES the allegations in Paragraph 268 of the Complaint.

269.   DENIES the allegations in Paragraph 269 of the Complaint.

270.   DENIES the allegations in Paragraph 270 of the Complaint.

271.   DENIES the allegations in Paragraph 271 of the Complaint.

272.   DENIES the allegations in Paragraph 272 of the Complaint.

273.   DENIES the allegations in Paragraph 273 of the Complaint.

274.   DENIES the allegations in Paragraph 274 of the Complaint.

275.   DENIES the allegations in Paragraph 275 of the Complaint.

3056851.1

276.    DENIES the allegations in Paragraph 276 of the Complaint.

277.    DENIES the allegations in Paragraph 277 of the Complaint.

278.    DENIES the allegations in Paragraph 278 of the Complaint.

279.    Cornell responds to the inclusive allegations in Paragraph 279 consistent with the responses set forth above.

280.    With respect to the allegations in Paragraph 280, ADMITS that Doe applied and enrolled at Cornell and that in connection with his application and enrollment, Doe paid tuition and other expenses and DENIES the remaining allegations in said paragraph.

281.    Paragraph 281 states a legal conclusion for which no response is required, but to the extent a response is required, Cornell DENIES the allegations in said paragraph.

282.    Paragraph 282 states a legal conclusion for which no response is required, but to the extent a response is required, Cornell DENIES the allegations in said paragraph.

283.    DENIES the allegations in Paragraph 283 of the Complaint.

284.    DENIES the allegations in Paragraph 284 of the Complaint.

285.    With respect to the allegations in Paragraph 285 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the policy for its contents.

286.    DENIES the allegations in Paragraph 286 of the Complaint.

287.    DENIES the allegations in Paragraph 287 of the Complaint.

288.    With respect to the allegations in Paragraph 287 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the policy for its contents.

289.    With respect to the allegations in Paragraph 289 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the policy for its contents.

3056851.1

290.     With respect to the allegations in Paragraph 290 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the policy for its contents.

291.     With respect to the allegations in Paragraph 291 of the Complaint, Cornell states that Policy 6.4 speaks for itself and respectfully refers the Court to the policy for its contents.

292.     DENIES the allegations in Paragraph 292 of the Complaint.

293.     With respect to the allegations in Paragraph 293 of the Complaint, ADMITS that a charge of discrimination, purportedly filed by Doe with the SUNY Office of Diversity, Equity and Inclusion, was forwarded to Cornell's Department of Inclusion and Workforce Diversity, and DENIES the remaining allegations in said paragraph.

294.     DENIES the allegations in Paragraph 294 of the Complaint.

295.     DENIES the allegations in Paragraph 295 of the Complaint.

296.     DENIES the allegations in Paragraph 296 of the Complaint.

297.     DENIES the allegations in Paragraph 297 of the Complaint.

298.     Cornell responds to the inclusive allegations in Paragraph 298 consistent with the responses set forth above.

299.     Paragraph 299 of the Complaint states a legal conclusion for which no response is required, but to the extent a response is required, Cornell DENIES the allegations in said paragraph.

300.     DENIES the allegations in Paragraph 300 of the Complaint.

301.     DENIES the allegations in Paragraph 301 of the Complaint.

302.     DENIES the allegations in Paragraph 302 of the Complaint.

303.     Cornell responds to the inclusive allegations in Paragraph 303 consistent with the responses set forth above.

3056851.1

304.    ADMITS the allegations in Paragraph 304 of the Complaint.

305.    With respect to the allegations in Paragraph 305 of the Complaint, Cornell states that the Human Rights Law speaks for itself and respectfully refers the Court to the law for its contents.

306.    DENIES the allegations in Paragraph 306 of the Complaint.

307.    DENIES the allegations in Paragraph 307 of the Complaint.

308.    DENIES the allegations in Paragraph 308 of the Complaint.

309.    DENIES the allegations in Paragraph 309 of the Complaint.

310.    DENIES the allegations in Paragraph 310 of the Complaint.

311.    DENIES the allegations in Paragraph 311 of the Complaint.

312.    DENIES the allegations in Paragraph 312 of the Complaint.

313.    Cornell DENIES each and every other allegation not specifically admitted or otherwise responded to above.

## DEFENSES

## FIRST AFFIRMATIVE DEFENSE

314.    Plaintiff has failed to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

315.    To the extent any cause of action is based on events occurring outside the applicable statute of limitations, the cause of action is time-barred.

## THIRD DEFENSE

316.    Some or all of the causes of action and/or remedies and relief are barred due to Plaintiff's failure to timely commence an Article 78 proceeding.

3056851.1

## FOURTH DEFENSE

317.   The discrimination claims fail, as no action was taken against Plaintiff because of his gender and he was not treated unfairly due to his gender, race, creed, national origin or religion.  All actions were taken in good faith and for legitimate, non-discriminatory reasons.

## FIFTH DEFENSE

318.   The breach of contract cause of action is barred because the action taken was not arbitrary or capricious and the investigation and disciplinary action at issue were handled in substantial compliance with the University's policies and procedures.

## SIXTH DEFENSE

319.   The breach of covenant of good faith and fair dealing claim fails for lack of such covenant and because all actions taken were in substantial compliance with the University's policies and procedures.

## SEVENTH DEFENSE

320.   Plaintiff's allegations or reliance fail because Plaintiff did not rely on any enforceable promise that the University failed to abide by and/or that would have resulted in a different outcome.

## EIGHTH DEFENSE

321.   Plaintiff did not suffer damages as a result of any act or omission of Cornell.

## NINTH DEFENSE

322.   Some or all of Plaintiff's claimed damages are barred due to his failure to mitigate, if he did in fact incur damages.

3056851.1

## TENTH DEFENSE

323.    Plaintiff's claimed damages are speculative and uncertain and therefore are barred.

WHEREFORE, Defendant Cornell University demands judgment dismissing the Complaint in its entirety, awarding it costs and disbursements, and granting other and further relief as the Court may deem just and proper.

Dated:  December 19, 2017

BOND, SCHOENECK & KING, PLLC

By:_____
      Jonathan B. Fellows (101628)
      Suzanne M. Messer (514398)
Office and P.O. Address
One Lincoln Center
Syracuse, New York 13202-1355
Telephone:  (315) 218-8000

Valerie Cross Dorn (505158)
Jared M. Pittman (518095)
Cornell University
235 Garden Avenue, 300 CCC Building
Ithaca, New York 14853
Telephone:  (607) 255-5124

*Attorneys for Defendants*

3056851.1

## CERTIFICATE OF SERVICE

I certify that on the 19th day of December, 2017 a true and correct copy of Defendant Cornell University's Answer was served upon the following counsel via ECF to the following counsel for the Plaintiff:

> Andrew T. Miltenberg, Esq.
> Tara Davis, Esq.
> Stuart Bernstein, Esq.
> Nesenoff & Miltenberg, LLP
> 363 Seventh Avenue, 5th Floor
> New York, NY 10001-3904
> Email:  amiltenberg@nmllplaw.com
> Email:  tdavis@nmllplaw.com
> Email:  sbernstein@nmllplaw.com
>
> *Attorneys for Plaintiff*

_____
Suzanne M. Messer

3056851.1