# CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
JOHN DOE,                                                               :
                                                                        :
                         Plaintiff,            :   Civil Action No.:
                                                                        :
       - against -                             :   3:17-cv-01285-TJM-DEP
                                                                        :
CORNELL UNIVERSITY,                                                     :
                                                                        :
                         Defendants.           :
                                                                        :
------------------------------------------------------------------------X

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable Judge Peebles, United States Magistrate Judge, at the courthouse located at 100 S. Clinton Street, Syracuse, New York, on January 25, 2018 at 10:00 a.m.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below, no later than twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) conference, a report of the results of the conference, in the format set forth below, must be filed with the clerk, no later than seven (7) days prior to the scheduled Rule 16 conference with the Court. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if parties disagree):

1)   JOINDER OF PARTIES: Any application to join any person as a party to this action shall be made on or before the  8th  day of   February  , 2018

2)   AMENDMENT OF PLEADINGS: Any application to amend the pleadings to this action shall be made on or before the  8th  day of  February  ,  2018  .

3)   DISCOVERY: All discovery in this action shall be completed on or before the  31st  day of   October  ,  2018  . (Discovery time table is to be based on the complexity of the action)

4)   MOTIONS: All motions, including discovery motions, shall be made on or before the   31st   day of   January  ,   2019  . (Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)

5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be ready to proceed to trial on or before the 6th day of May, 2019. It is anticipated that the trial will take approximately  5   days to complete. The parties request that the trial be held in Binghamton, New York.
(The proposed date for the commencement of trial must be within 18 months of the filing date).

6) HAVE THE PARTIES FILED A JURY DEMAND: X (YES)     (NO)

7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?

   Yes.

8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?

   Plaintiff contends that the sanction of suspension was gender-biased in violation of Title IX and that Cornell failed to afford adequate process and violated New York State Human Rights Law § 296(4). Plaintiff also contends that Cornell failed to follow its policies and asserts claims for breach of contract and denial of basic fairness under contract and common law.

   Defendant contends that some or all of the causes of action and/or remedies and relief are barred due to Plaintiff's failure to timely commence an Article 78 proceeding. To the extent such causes of action should have been brought within the statute of limitations for an Article 78 proceeding, such claims are now time-barred. Defendant further denies Plaintiff's allegations of discrimination, and alleges in its defenses that all actions taken by Cornell were taken in good faith and for legitimate, non-discriminatory reasons. Defendant also contends that the investigation and disciplinary action at issue were handled in substantial compliance with the University's policies and procedures, and, accordingly Plaintiff's contractually based claims fail. Defendant has asserted that Plaintiff's allegations of reliance fail because he did not rely on any enforceable promise that the University failed to abide by and/or that would have resulted in a different outcome. Cornell also contends that Plaintiff did not suffer damages as a result of any act or omission of Cornell, that Plaintiff, upon information and belief, failed to mitigate his damages, and that Plaintiff's claims of damages are speculative.

9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

   Defendant contends that all factual and legal issues contained in the Complaint and the Answer to Complaint are in dispute.

10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

Not at this time.

11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiff seeks compensatory damages for an amount not yet determined, including damages for mental anguish, severe emotional distress, injury to reputation, loss of educational and career opportunities and past and future economic losses. Plaintiff also seeks declaratory relief expunging his disciplinary record.

Cornell seeks a judgment dismissing the Complaint, awarding it costs and disbursements and granting other and further relief as the Court deems just and proper.

12) DISCOVERY PLAN:

    A.    <u>Mandatory Disclosures</u>

The parties will exchange the mandatory disclosures required under Rule 26(a)(1) at least seven (7) days prior to the date of the Rule 16 conference, unless they have obtained prior approval from the assigned Magistrate Judge to extend that deadline.

    B.    <u>Subjects of Disclosure</u>

The parties jointly agree that discovery will be needed to address the following subjects:

Plaintiff's allegations of gender discrimination and the procedural steps taken by Cornell in reaching the finding of responsibility against Plaintiff, Plaintiff's damages (including his medical, educational, and employment records), as well as all issues raised in Plaintiff's Complaint and in Defendant's Answer to Complaint.

    C.    <u>Discovery Sequence</u>

Describe the parties' understanding regarding the timing of discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties will engage in document discovery prior to conducting the depositions of parties, witnesses and experts.

    D.    <u>Written Discovery</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

Initial demands pursuant to Rule 34 will be served by March 15, 2018.

Interrogatories pursuant to Rule 33 will be served by March 15, 2018.

Requests to Admit pursuant to Rule 36 will be served by March 15, 2018.

There is no presently determined need to exceed the number of permitted interrogatories.

E. Depositions

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

Plaintiff intends to take the depositions of non-party fact witnesses involved in the investigation and adjudication of the complaints concerning Plaintiff. At this time, Plaintiff does not anticipate exceeding the presumptive 10 depositions permitted by the Federal Rules.

Defendant intends to take the deposition of the Plaintiff. Additional depositions may be necessary depending on the information revealed in discovery. Defendant does not anticipate exceeding the ten depositions permitted by the Federal Rules.

F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

Plaintiff intends to offer the testimony of one or more experts on the issues of psychological damages, economic damages and the adequacy of the disciplinary process employed by Cornell.

In the event Plaintiff offers an expert on the above-referenced topics, Defendant reserves the right to retain an expert to address the opinions of Plaintiff's expert(s).

G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

All parties will seek electronic discovery of all relevant documents, including all parties' communications with any/all individuals regarding the factual allegations set forth in Plaintiff's Complaint.

H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

The parties anticipate requesting a protective and confidentiality order from the court given the sensitive nature of the allegations and the understanding that some of the information requested in discovery may be subject to FERPA.

I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

Defendant anticipates seeking court intervention regarding the scope of discovery related to other misconduct cases involving other students.

13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?

Not known at this time.

14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?

No.

15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?

N/A.

16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:

      1    2    **3**    4    5    6    7    8    9    10
(VERY UNLIKELY) → → → → → → → → → → (LIKELY)

CANNOT BE EVALUATED PRIOR TO   May 1, 2018

HOW CAN SETTLEMENT EFFORTS BE ASSISTED?

(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)

COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE - Subject to Mandatory Mediation under General Order #47.

17) IF YOUR CASE WAS SELECTED AS A QUALIFYING MANDATORY MEDIATION CASE, CONFIRM THAT YOU HAVE:

    A.    Reviewed General Order #47?
          **X** YES    NO

    B.    Reviewed the List of Court Approved Mediators available on the NDNY website?
          **X** YES    NO

    C.    Prepared to discuss with the Court, at the conference, whether your case should be opted out of the program.
          **X** YES    NO

    D.    Discussed the time frame needed to complete Mandatory Mediation?
          **X** YES    NO

*****************************************************************************

Pursuant to Fed. R. Civ. P. 26(f) a conference was held on <u>January 16, 2018</u> at
                                                                                           (Date)
<u>By telephone</u> with the participation of:
                  (Place)

<u>Tara J. Davis, Esq.</u>         for plaintiff(s)

_____for plaintiff(s)

<u>Suzanne Messer, Esq.</u>      for defendant(s)

_____for defendant(s)

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and file electronically with the Clerk no later than seven (7) days in advance of the conference date.*